## WILLIAM BRADLEY *vs.* NATHAN GEORGE.

One who takes a deed of warranty of a portion of a parcel of land, the whole of which is subject to a mortgage, may maintain a bill in equity to redeem the same against a subsequent assignee of the mortgage, without contribution, if the remaining portion of the land is sufficient to satisfy the mortgage debt in full, although such assignee may also have become the owner of the equity of redemption of the remaining portion of the land.

HOAR, J. This is a bill in equity to redeem land from a mortgage. By the agreed statement of facts, it appears that one

Daniels, who was the owner of fifteen acres of land in Milford, mortgaged the same to Godfrey and Mayhew; and afterwards conveyed about six acres by a deed of warranty to the plaintiff. Subsequently to both these conveyances Daniels became insolvent, and his right in equity to redeem the remaining nine acres was conveyed by his assignees in insolvency to Nathaniel Chessman, who mortgaged the same to the defendant. The defendant then procured an assignment to himself of the original mortgage to Godfrey and Mayhew, and entered to foreclose it for breach of the condition. The plaintiff asks in his bill that the defendant may release to h'm the parcel of about six acres which he holds under the deed of warranty from Daniels, without contribution by him toward the first mortgage; and it is admitted that the value of the nine acres is fully sufficient to satisfy the first mortgage without such contribution.

The court are of opinion that this case must be governed by the decision in *Chase* v. *Woodbury*, 6 Cush. 143. The only difference between the two cases is, that the defendant has only a mortgage title to the part of the land which remained the property of Daniels after the deed of warranty to the plaintiff; while in *Chase* v. *Woodbury* the tenant held the whole remaining title. But we do not think that this fact makes any difference in the rights of the respective parties. The deed of warranty exempted the land conveyed to the complainant from any contribution toward the mortgage, if Daniels had afterwards paid it; and the defendant, claiming under Daniels, by subsequent conveyances, could acquire no greater right than his grantor had The effect of the warranty was to discharge the plaintiff's part of the land from the mortgage, and to make the part retained by Daniels exclusively liable for it, as against Daniels and all persons claiming under him. The defendant, as assignee of the original mortgage, has undoubtedly the right to enforce it against the whole mortgaged premises, if the whole were needed for his security. But as he would be under obligation to refund the whole amount which the plaintiff might in that case be compelled to pay, before he could avail himself of his title to the nine acres under the second mortgage; and as the nine acres is

fully sufficient to satisfy the first mortgage, the plaintiff is enti-
tled to the decree prayed for by the bill. *Decree accordingly.*

   *T. G. Kent,* for the plaintiff.

   *F. Deane,* for the defendant.